### SCOTT v. McFARLAND et al.

(Circuit Court, D. Oregon.  October 21, 1895.)

#### No. 2,029.

EQUITY JURISDICTION—MULTIPLICITY OF SUITS.

A bill alleged that complainant, by fraudulent representations and without consideration, was induced, by a person named, to execute in his favor five promissory notes; that thereafter the payee forged complainant's name to a large number of other notes like those signed by complainant; that the defendants, 15 in number, were severally holders of these notes, claiming to have purchased them in good faith, in the usual course of business; that complainant was unable without inspection of the notes to ascertain which were the five signed by him, and which were forgeries; that a discovery was necessary for that purpose; and that the persons holding the five notes acquired them with notice of their fraudulent character. The bill prayed a cancellation of all the notes. *Held*, that the case made was not one in which equity jurisdiction could be sustained on the ground of preventing a multiplicity of suits, as there was no community of interest among the several defendants. Louisville, N. A. & C. Ry. Co. v. Ohio Val. Improvement & Contract Co., 57 Fed. 42, distinguished.

This was a bill by Eli Scott against E. B. McFarland and 14 others to procure a cancellation of certain notes held by them, and purporting to have been made by complainant.

A. H. Tanner, for plaintiff.

J. B. Thompson and C. A. Dolph, for defendants.

BELLINGER, District Judge.  The complaint alleges that one Durand, by fraudulent representations and without consideration, induced the plaintiff to execute in his favor 5 promissory notes for $1,000 each, and that thereafter Durand caused plaintiff's name to

be forged to a large number of other notes, to wit, about 30, in all respects like the 5 notes signed by plaintiff as aforesaid. The suit is brought against 15 persons who are alleged to be the holders severally of these notes, claiming to have purchased them in good faith, in the usual course of business. Four of these several defendants have brought suits in different courts, in the states of Washington and Oregon, on these notes, and actions are threatened by the other holders of such notes. It is alleged that plaintiff is unable to procure an inspection of said notes to ascertain which are the five signed by him, and which are the forgeries, and to this end discovery is necessary. For this purpose, and to procure a cancellation of all such notes, and to prevent a multiplicity of suits, the jurisdiction of this court is invoked. It is alleged that the genuine notes were taken by the present holders with notice of their fraudulent character.

Suits do not become of equitable cognizance merely because of their number. Equity assumes jurisdiction to prevent a multiplicity of suits where, among other cases, individual claims, not only legally separate, but separate in time and arising out of entirely separate and distinct transactions, are made against a single plaintiff; but in all such cases there must at least be a community of interest among all the claimants in the question at issue and in the remedy. The case of Louisville, N. A. & C. Ry. Co. v. Ohio Val. Improvement & Contract Co., 57 Fed. 42, is relied upon to sustain the jurisdiction in this case. That is a case where there was an illegal and fraudulent guaranty of several hundred bonds of a railroad company, which the complainant sought to have canceled. The guaranty was indorsed upon all of these bonds. These guaranties were in pursuance of a certain contract between the complainant and defendant company, the facts alleged being such as to render the guaranties made and the contract therefor illegal. The case involved a question or questions decisive of the validity of all the guaranties. There was therefore a community of interests among all the claimants. The case of Railroad Co. v. Schuyler, 17 N. Y. 592, is of the same character. The case was one of spurious certificates of stock, issued by an officer having apparent authority to do so, and outstanding in the hands of numerous holders. The bill was maintained upon the ground that the false certificates had a common ground of invalidity; and so of all like cases where the jurisdiction is upheld to set aside distinct claims in separate hands held under distinct circumstances, —there must be a common ground of invalidity. It is not enough that the grounds of the invalidity of the several instruments are, as in this case, similar. So far as the instruments sought to be canceled here, as forged, are concerned, the forgeries are several. The ground of the invalidity of these notes is not a common one within the sense of the cases cited. The character of one of these notes, as to its being forged, has no bearing as to the others. The questions touching the validity of these notes are as several as the holdings. There is, in other words, a multiplicity of issues of fact to be tried, which the jurisdiction invoked cannot avoid or lessen. Moreover, the validity of a portion of these notes is attacked upon the ground

that they are without consideration, and that their holders took with notice. The questions here are not only. distinct, but different in character from the forgeries charged as to the remaining notes; and, further, the right to recover upon these notes depends entirely upon the good faith of the several holders, and it is not claimed that any community of interest exists between the several holders as to this. The demurrer to the bill of complaint is sustained.